UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2020 JUN 17 PM 5: 44
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

JAMES LAPIN

CASE NO. 6:20-cr-89-ORL-37LRH
18 U.S.C. § 115
18 U.S.C. § 875

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about December 20, 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JAMES LAPIN**,

did knowingly threaten to assault and murder an elected Representative of the United States House of Representatives (referred to herein as the "Member of Congress"), with intent to intimidate the Member of Congress while the Member of Congress was engaged in the performance of that Member's official duties and with intent to retaliate against the Member of Congress on account of the performance of that Member's official duties.

In violation of 18 U.S.C. § 115(a)(1)(B).

## COUNT TWO

On or about December 20, 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JAMES LAPIN,**

did knowingly and for the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, transmit in interstate commerce from the State of Florida to the District of Columbia, a communication to the District of Columbia Office of an elected Representative of the United States House of Representatives (referred to herein as the "Member of Congress"), and the communication contained a threat to injure the Member of Congress, specifically indicating that the Member of Congress needed to wear a "bullet proof [vest]" and that Member of Congress would be "dead."

In violation of 18 U.S.C. § 875(c).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 115 and 875, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Sean P. Shecter
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

4

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JAMES LAPIN

## INDICTMENT

Violation: 18 U.S.C. § 115
18 U.S.C. § 875

A true bill,

_____
Foreperson

Filed in open court this 17th day

of June, 2020

_____
Clerk

Bail $_____